UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL JOHN WILCKEN,

    Petitioner,

v.

MARY E. ROBERTS,

    Respondent.

Case No. C13-1408-RSM-JPD

REPORT AND RECOMMENDATION

*Pro se* petitioner Daniel Wilcken, a pretrial detainee under home detention, petitions for 28 U.S.C. § 2241 habeas relief. (Dkt. 1.) Although his criminal proceedings are ongoing, Mr. Wilcken contends (1) his constitutional right to a speedy trial has been violated by trial continuances and by the conditions of his pretrial release, and (2) deprivation of his property without probable cause based on a court-issued warrant. (Dkt. 1.) Respondent moves to dismiss for failure to state a claim. (Dkt. 8.) Mr. Wilcken opposes the substitution in the service order of Superior Court Judge Mary Roberts as respondent in place of the State of Washington, clarifies that he intended that his entire family be listed as petitioners, and seeks immediate cessation of criminal prosecution. (Dkt. 10.) The Court recommends DISMISSING this § 2241 petition without prejudice based on abstention principles because,

regardless of the proper respondent in this action, Mr. Wilcken's allegations, his responses, and the public record demonstrate that there are no circumstances that justify federal habeas interference with ongoing criminal proceedings. The Court recommends DENYING Mr. Wilcken's other pending motions as moot. (Dkts. 11–14.) The Court also recommends DENYING issuance of a certificate of appealability.

## BACKGROUND

Mr. Wilcken was not in actual physical custody when he filed his current habeas petition for relief from his prosecution for possession of child pornography, child molestation, and attempted child molestation. Within the service order, the Court substituted as respondent Superior Court Judge Roberts for the State of Washington so that there would be a respondent who had the interest in opposing the petition if it lacked merit and the power to give Mr. Wilcken his unconditional freedom if the petition had merit. (Dkt. 5, at 1); *see Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899 (2d Cir. 1996).[1] Judge Roberts presided over Mr. Wilcken's arraignment and ordered him released into the community, subject only to minimal daily reporting requirements. (Dkt. 1-1, at 34; Dkt. 8, at 2.) The other challenged orders were signed by other superior court judges: the March 2010 search warrant was signed by Judge David Christie; the June 2013 order for pretrial home detention was signed by Judge

---

[1] Although Mr. Wilcken's petition named the State of Washington as respondent, in general, the proper respondent in a federal habeas petition is the petitioner's immediate custodian. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). If the petitioner is on probation or parole, he should name his supervising officer as the respondent. *See* Rules Governing Section 2254 Proceedings, 1976 advisory committee's note to Rule 2, ¶ (2). The petitioner should also name "the official in charge of the parole or probation agency, or the state correctional agency" as a respondent. *Id.*; *see also Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (holding that proper respondents were members of state parole board). If the petitioner is challenging a state action while in custody other than jail, prison, other actual physical restraint, probation, or parole, the petitioner should name the attorney general of the state wherein the challenged action was taken as the respondent. *See* Rules Governing Section 2254 Proceedings, 1976 advisory committee's note to Rule 2, ¶ (3). "The important thing is not the quest for a mythical custodian, but that the petitioner name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom." *Reimnitz v. State's Attorney of Cook County*, 761 F.2d 405, 409 (7th Cir. 1985). In the present action, Mr. Wilcken specifically challenged three superior court orders. (Dkt. 1, at 3.)

REPORT AND RECOMMENDATION
PAGE - 2

1  Cheryl Carey; the August 2013 order continuing Mr. Wilcken's omnibus hearing was signed
2  by Judge Patrick Oishi. (Dkt. 1, at 3; Dkt. 8, at 5 & n. 5.)

In its service order, the Court acknowledged that abstention principles would presumably require a federal habeas court to abstain from exercising jurisdiction over Mr. Wilcken's claim under the Speedy Trial Clause as an affirmative defense to state prosecution. (Dkt. 5, at 1–2.) The Court nonetheless sought a response from respondent Judge Roberts to clarify whether Mr. Wilcken's petition could plausibly allege a narrow exception based on proven harassment, or prosecutions undertaken in bad faith, or other extraordinary circumstances. (*Id.*) Respondent answered with a motion to dismiss. (Dkt. 8.) Mr. Wilcken responded with conclusory allegations of repeated violations of his constitutional rights but failed to state why the Court should consider his federal habeas petition before these issues are first resolved in state court. (Dkts. 12–14.) In addition, Mr. Wilcken opposed the substitution of Judge Roberts as respondent in place of the State of Washington and sought to assert the rights of his family members. (Dkt. 11.)

**DISCUSSION**

The Court finds that, regardless of who is considered to be the proper respondent, abstention principles require the Court to abstain from exercising jurisdiction over Mr. Wilcken's unexhausted claims for a violation of the Speedy Trial Clause as an affirmative defense to state prosecution and for the unconstitutional seizure of his property pursuant to a court-issued warrant.

In *Brown v. Ahern*, 676 F.3d 899 (9th Cir. 2012), the Ninth Circuit held:

> [T]he rule of this circuit is that abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution. The only exceptions are "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "in other extraordinary circumstances where irreparable injury can be shown."

*Id.* at 903 (quoting *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980)). As an exercise of judicial restraint, federal courts elect not to entertain § 2241 habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim. *Carden* 626 F.2d at 83. "Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Id.*

With respect to his speedy trial claim, Mr. Wilcken has raised no plausible allegations that this matter involves proven harassment, a bad-faith prosecution, or other extraordinary circumstances where irreparable injury can be shown. Mr. Wilcken was initially arraigned in September 2011 and, after numerous trial continuances sought by defense counsel, was scheduled for a criminal trial in late-October 2013. (Dkt. 8-1, at 3–5); *see State v. Wilcken*, No. 11-1-06983-1 KNT (King Cnty. Super. Ct., filed Sept. 2, 2011), *available at* http://dw.courts.wa.gov (last accessed Dec. 19, 2013). He thus alleges a Speedy Trial Clause violation based entirely on the two-year delay between his initial arraignment and his criminal trial. In *Brown*, the Ninth Circuit reiterated that a five-year delay in prosecution on a robbery charge was not an "extraordinary circumstance" as required to override principles of federalism and comity that counseled a federal court to abstain from exercising habeas jurisdiction. *See Brown*, 676 F.3d at 902–904; *Carden*, 626 F.2d at 84 (holding that an alleged violation of the Speedy Trial Clause is not itself an "extraordinary circumstance" necessitating pretrial habeas consideration).

With respect to his claimed deprivation of personal property via a court-issued warrant, Mr. Wilcken has not yet exhausted this claim in state court and he has stated no plausible reason why a federal habeas court should interfere with a state criminal adjudication of this issue. *See Carden*, 626 F.2d at 83.

1     Although Mr. Wilcken asks that the State of Washington be served instead of Judge
2     Roberts, the Court finds that regardless of the proper respondent—whether the State of
3     Washington, the Washington State Attorney General, or King County Superior Court Judge
4     Roberts—this matter should not proceed and no other respondent should be served due to
5     federal abstention principles. Mr. Wilcken has raised no plausible allegations that a federal
6     habeas court should intervene with an ongoing state criminal proceedings at this time. Mr.
7     Wilcken's other pending motions are moot. (Dkts. 11–14.)

8     When, as here, a state pretrial detainee proceeding under § 2241 to challenge process
9     issued by a state court, the petitioner must obtain a certificate of appealability ("COA") under
10    § 2253(c)(1)(A) in order to appeal. *See Wilson v. Belleque*, 554 F.3d 816, 824–25 (9th Cir.
11    2009). The Court finds that a COA should not issue because Mr. Wilcken has failed to make
12    "a substantial showing of the denial of a constitutional right," 88 U.S.C. § 2253(c)(3), and
13    cannot demonstrate that jurists of reason could disagree with the Court's determination to
14    abstain from interfering with ongoing state criminal proceedings under the circumstances. *See*
15    *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## IV. CONCLUSION

17    The Court recommends DISMISSING Mr. Wilcken's § 2241 petition without prejudice
18    based on abstention principles. The Court recommends DENYING Mr. Wilcken's other
19    pending motions as moot. (Dkts. 11–14.) The Court also recommends DENYING issuance of
20    a certificate of appealability. A proposed order is attached.

21    DATED this 8th day of January, 2014.

JAMES P. DONOHUE
United States Magistrate Judge